# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 2:05CR00012-001 |
| v. | ) | **OPINION AND ORDER** |
| **JODY RAY PEARCY**, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Donald Edward Pearcy, previously sentenced by this court following his guilty plea to illegal possession of a firearm, 18 U.S.C. § 922(g), and possession of a stolen firearm, 18 U.S.C. § 922(j), has filed a motion under 28 U.S.C. § 2255, contending that his sentence under the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is invalid. For the reasons that follow, I will deny the motion.

I.

At his sentencing on September 20, 2005, Pearcy was found by the court to be an armed career criminal pursuant to the ACCA. The ACCA provides that a person convicted of a violation of § 922(g), who "has three previous convictions by

any court . . . for a violent felony or a serious drug offense . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1).

As shown by the probation officer's Presentence Investigation Report ("PSR"), Pearcy had a prior criminal record including six Virginia burglary convictions. The defendant objected to the probation officer's recommendation in the PSR that Pearcy be sentenced as an armed career criminal, the objection being based on the ground that the burglaries occurred within a four-day period in 1997, were limited in geographical location, and were part of a common scheme, although they involved different victims at different homes. The objection was overruled, and Pearcy was sentenced to the ACCA's mandatory minimum term of 180 months imprisonment. There was no appeal.

On September 8, 2015, following *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Federal Public Defender for this district was appointed by the court to represent Pearcy in connection with a possible § 2255 motion. On June 8, 2016, a § 2255 motion was filed by the Federal Public Defender, contending that Pearcy's ACCA predicates are invalid because the Virginia burglary statute does not qualify as a generic burglary. The government has filed a Motion to Dismiss and the issues have been fully briefed and are ripe for decision.[1]

---

[1] In deciding a § 2255 motion, the court need not hold an evidentiary hearing if

## II.

Prior to *Johnson*, the term "violent felony" was defined as

> any crime punishable by imprisonment for a term exceeding one year . . . that —
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first clause is referred to as the "force clause." The first portion of the second clause is known as the "enumerated crime clause." The second portion of that clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is called the "residual clause" and was found to be unconstitutionally vague in *Johnson*. The force and enumerated crime clauses were untouched by *Johnson*. The holding in *Johnson* was made retroactive to cases on collateral review in a decision by the Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016).

---

"the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Neither party has requested an evidentiary hearing. I have thoroughly reviewed the motions, files, and records in this case and find that no such hearing is necessary.

– 3 –

I recently held that a Virginia burglary does not qualify as an enumerated offense because the Virginia statute is broader than the generic burglary of the enumerated crime clause and because the statute is not divisible, meaning that it lists "multiple, alternative means of satisfying one (or more) of its elements." *United States v. Gambill*, No. 1:10CR00013, 2016 WL 5865057, at *2 (W.D. Va. Oct. 7, 2016) (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)). For the same reasons relied upon in *Gambill*, Pearcy argues that his Virginia burglary convictions are invalid as ACCA predicates.

In addition to contending that Virginia burglary offenses are valid predicates under the ACCA, the government argues that the *Johnson* holding applies only to the residual clause and Pearcy has not shown that his burglary convictions were treated at sentencing as falling under that clause. Since the movant in an § 2255 proceeding "must shoulder the burden of showing" constitutional error, *United States v. Frady*, 456 U.S. 152, 170 (1982), the government contends that *Johnson* does not apply to him. Accordingly, the government asserts that Pearcy's motion "does not raise a *Johnson* claim and is time barred." (United States' Mot. to Dismiss 1, ECF No. 52.) In addition, the government contends that Pearcy's claim is defaulted, since it was not raised on direct review and Pearcy has not shown

either cause or prejudice, or that he is actually innocent, in order to overcome that default.

III.

I agree with the government that *Johnson* does not apply to Pearcy's case. Even though I found in *Gambill* that a Virginia burglary conviction is not a proper predicate under the enumerated crimes clause, relying on the later statutory constructions of the ACCA provided in *Mathis* and *Descamps v. United States*, 133 S. Ct. 2276 (2013), I did so without any reliance on *Johnson*.[2]

Section 2255 provides that a one-year limitation period is triggered by one of four conditions, whichever occurs the latest:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] *Gambill*, 2016 WL 5865057, at *2 n.1.

– 5 –

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Since *Johnson* does not apply to Pearcy, he cannot rely on clause (3) above. He did not file his motion within one year of the date his convictions became final, and thus his claim is barred. Because Pearcy's motion thus fails, it is unnecessary for me to reach the government's other arguments.

IV.

For the reasons stated, the United States' Motion to Dismiss in Response to Petitioner's Motion for Relief Pursuant to Title 28, United States Code, Section 2255 (ECF No. 52) is GRANTED and the Motion for Relief Under 28 U.S.C. § 2255 (ECF No. 44) is DENIED. The defendant's Motion for Hearing or Ruling on Petition (ECF No. 54) is GRANTED to the extent the court has now ruled on the § 2255 motion.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). After reviewing the claim presented in light of the applicable standard, I find that a certificate of appealability is not warranted and therefore is DENIED.

It is so **ORDERED**.

ENTER: November 8, 2016

/s/ JAMES P. JONES
United States District Judge